UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8581 CAS (Ex) | Date | January 11, 2011 |
|---|---|---|---|
| Title | SYNOD OF SOUTHERN CALIFORNIA AND HAWAII v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                                   Not Present

**Proceedings:**   **(In Chambers:) PLAINTIFF'S EX PARTE APPLICATION TO STAY ENFORCEMENT OF ORDER DISQUALIFYING LAW OFFICES OF GEORGE S. BURNS** (filed 01/06/11)

On November 10, 2010, plaintiff Synod of Southern California and Hawaii filed suit against Certain Underwriters at Lloyd's, London ("Underwriters"), and Does 1 through 10, inclusive, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

On December 6, 2010, Underwriters filed a motion to recuse the Law Offices of George S. Burns ("Burns") as plaintiff's counsel, to strike portions of plaintiff's complaint, and to dismiss. On January 3, 2011, the Court granted Underwriters' motion to disqualify Burns as plaintiff's counsel.

On January 6, 2011, plaintiff filed the instant ex parte application to stay enforcement of the order disqualifying Burns as plaintiff's counsel. On January 7, 2011, Underwriters filed an opposition to plaintiff's ex parte application. Plaintiff replied on January 10, 2011.

In its ex parte application, plaintiff states that it intends to appeal the Court's order disqualifying Burns as plaintiff's counsel either by seeking certification pursuant to 28 U.S.C. § 1292(b) or a writ of mandamus from the Ninth Circuit under 28 U.S.C. § 1651.[1]

---

[1] Orders disqualifying counsel in a civil case are not collateral orders subject to immediate appeal as "final judgments" under 28 U.S.C. § 1291. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 426 (1985). Thus, the Court is not automatically divested of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8581 CAS (Ex) | Date | January 11, 2011 |
|---|---|---|---|
| Title | SYNOD OF SOUTHERN CALIFORNIA AND HAWAII v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; ET AL. | | |

Mem. at 1.  Plaintiff moves to stay enforcement of the order disqualifying Burns to allow Burns to pursue an appeal of the Court's order on plaintiff's behalf.  Id.

The filing of an interlocutory appeal or writ of mandamus does not automatically stay proceedings in the district court.  Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972).  Rather, the Court has "broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'"  Ass'n of Irritated Residents v. Fred Schakel Dairy, No. 1:05-CV-00707 OWW SMS, 2008 WL 2899912, at *11 (E.D. Cal. July 22, 2008) (quoting Kelleher, 467 F.2d at 244).

The Court GRANTS plaintiff's ex parte application to stay the effect of its order disqualifying Burns for the limited purpose of permitting Burns to represent plaintiff in seeking a writ from the Ninth Circuit Court of Appeals.  Insofar as plaintiff's application seeks an order from the Court certifying the question of Burns's disqualification for interlocutory appeal, the application is DENIED.[2]

IT IS SO ORDERED.

---

jurisdiction if plaintiff appeals the Court's order disqualifying Burns.  See Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) ("The transfer of jurisdiction from the district court to the court of appeals is not effected . . . if a litigant files a notice of appeal from an unappealable order.").

[2] The Court is unclear as to whether plaintiff's ex parte application seeks certification of an interlocutory appeal pursuant to section 1292(b).  The Court notes, however, that "it is questionable whether certification of an interlocutory appeal on the disqualification of counsel [is] a permissible remedy here."  Cole v. U.S. Dist. Court for Dist. of Idaho, 366 F.3d 813, 817 n.4 (9th Cir. 2004).  Generally, orders disqualifying counsel in a civil case are reviewed in the court of appeals by means of a writ of mandamus.  See id.; Mattel, Inc. v. MGA Entm't, Inc., Nos. 10-57048, 10-80235, 2011 WL 52552, at *1 (9th Cir. Jan. 6, 2011); Christensen v. U.S. Dist. Court for Cent. Dist. of Cal., 844 F.2d 694, 696–97 (9th Cir. 1988); Am. Protection Ins. Co. V. MGM Grand Hotel-Las Vegas, Inc., 765 F.2d 925, 926 (9th Cir. 1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8581 CAS (Ex) | Date | January 11, 2011 |
|---|---|---|---|
| Title | SYNOD OF SOUTHERN CALIFORNIA AND HAWAII v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; ET AL. | | |

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |